Randall B. Bateman (USB 6482)
Perry S. Clegg (USB 7831)
BATEMAN IP LAW GROUP, PC
8 East Broadway, Suite 550
P.O. Box 1319
Salt Lake City, Utah 84110
Tel:  (801) 533-0320/Fax: (801) 533-0323
Emails: mail@batemanip.com, rbb@batemanip.com, psc@batemanip.com, and
fcc@batemanip.com

Igor Krol, *pro hac vice*
KROL & O'CONNOR
320 West 81st Street
New York, New York 10024

*Attorneys for Plaintiff*
Aqua Shield, Inc.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AQUA SHIELD, INC., <br><br> Plaintiff, <br><br> vs. <br><br> INTER POOL COVER TEAM, ALUKOV HZ SPOL. S.RO., ALUKOV, SPOL. S R.O., POOL & SPA ENCLOSURES, LLC <br><br> Defendants. | **FIRST AMENDED COMPLAINT** <br><br><br> Civil No.: 2:09-CV-00013-TS-SA <br> Judge: Samuel Alba |

COMES NOW Plaintiff, Aqua Shield, Inc., and complains against Defendants Inter Pool

Cover Team, Alukov HZ spol. S.ro., Alukov, spol. S r.o., and Pool & Spa Enclosures, LLC

(referred to herein collectively as "Defendants") as follows:

–1–

## PARTIES

1.      Plaintiff, Aqua Shield, Inc. ("Aqua Shield") is a corporation organized under the laws of the State of New York having a principal place of business located at 114 Bell Street, West Babylon, NY 11704.

2.      Defendant, Inter Pool Cover Team ("IPC") is a European Economic Interest Grouping formed under the laws of the European Union with its headquarters located at Alukov HZ, Orel 18, 518 21 Slatinany, Czech Republic.

3.      Defendant, Alukov HZ spol. S.r.o., is a European business entity located in the Czech Republic, at Orel 18, 518 21 Slatinany, Czech Republic.

4.      Defendant, Alukov, spol. S.r.o., is a European business entity located in the Slovak Republic, Skultetyho 1597, 95501 Topolcany, Slovakia.

5.      Alukov HZ spol. S.r.o. and Alukov, spol. S.r.o. (hereinafter referred to collectively as "Alukovs") are members of IPC.

6.      Defendant, Pool & Spa Enclosures, LLC ("Pool & Spa"), is a limited liability corporation organized under the laws of the State of New Jersey having a principal place of business located at 237 Prospect Plains Road, Monroe Township, New Jersey, 08831.

7.      On information and belief, Pool & Spa is a member of IPC.

## JURISDICTION AND VENUE

8.      This action arises under the patent laws of the United States, Title 35, United States Code. This Court has jurisdiction over the patent claims under 28 U.S.C. §§ 1331, 1332, and 1338(a). Venue is proper in this district by virtue of Title 28 U.S.C. §§ 1391(d) and 1400.

**GENERAL ALLEGATIONS**

9.      Bob Brooks is the original owner of the United States Letters Patent No. 6,637,160 ("the '160 Patent"), filed on July 10, 2001 and issued on, October 28, 2003, for a Telescopic Enclosure.  A copy of the '160 Patent is attached hereto and expressly incorporated as Exhibit A. Bob Brooks assigned the '160 Patent to Aqua Shield.

10.      The subject matter of the '160 Patent relates to covers that are generally used to enclose an outdoor swimming pool.  The enclosure of the '160 Patent opens and closes telescopically and some embodiments of the invention may attach to the side of a building.

11.      The '160 Patent is valid and enforceable.

12.      Aqua Shield has an exclusive right to make, use, offer to sell, and sell enclosures claimed in the '160 Patent.

13.      Aqua Shield earns considerable sums through the sales of telescopic enclosures made in accordance with the invention disclosed in the '160 Patent.

14.      Defendant, IPC, markets and promotes the sale of telescopic enclosures and encourages its members to make, use, sell, offer to sell, and/or import embodiments of enclosures that come within the scope of the '160 Patent.

15.      Defendants, Alukovs, manufacture embodiments of enclosures that come within the scope of the '160 Patent.

16.      On information and belief, Defendants, IPC and Alukovs, supply to the U.S. embodiments of enclosures that come within the scope of the '160 Patent which are sold and offered for sale in the U.S.

–3–

17.     On information and belief, Defendant, Pool & Spa, sales and offers for sale in the U.S. embodiments of enclosures that come within the scope of the '160 Patent and are received from the Alukovs. 18. Defendants' enclosures that are offered for sale in the U.S. can be found on IPC's website, http://www.poolcover-ipc.com/. Copies of selected pages from Defendant's website showing embodiments of enclosures being manufactured and offered for sale are attached hereto as Exhibit B.

18.     The enclosure displayed and sold under the name "Universe" infringes at least claim 1 of the '160 Patent.

19.     The enclosure displayed and sold under the name "Laguna" on IPC's website infringes at least claim 1 of the '160 Patent.

20.     The enclosure displayed and sold under the name "Elegant" on IPC's website infringes at least claim 1 of the '160 Patent.

21.     The enclosure displayed and sold under the name "Tropea" on IPC's website infringes at least claim 1 of the '160 Patent.

22.     The enclosure displayed and sold under the name "Combi" on IPC's website infringes at least claim 1 of the '160 Patent.

23.     The enclosure displayed and sold under the name "Style" on IPC's website infringes at least claim 1 of the '160 Patent.

24.     The enclosure displayed and sold under the name "Veranda" on IPC's website infringes at least claim 1 of the '160 Patent.

25.     The enclosure displayed and sold under the name "Spa Veranda" on IPC's infringes at least claim 1 of the '160 Patent.

26.     The enclosure displayed and sold under the name "Ravena" on IPC's website infringes at least claim 1 of the '160 Patent.

27.     On August 2, 2005, Aqua Shield's counsel sent IPC a cease and desist letter stating that IPC was infringing the '160 Patent and demanded that IPC immediately refrain from such infringing conduct.  A copy of the cease and desist letter is attached hereto as Exhibit C.

28.     Defendants, IPC and Alukovs, are aware of the '160 Patent.

29.     On information and belief, Pool & Spa is aware of the '160 Patent.

30.     On information and belief, Defendants have told Aqua Shield customers that Aqua Shield was going out of business in an attempt to divert sales.

31.     Defendants make, use, sale, offer to sell, import, induce others to sell, and/or contribute to others making, using, selling, offering to sell, and/or importing telescopic enclosures that fall within the scope of the invention set forth and claimed in the '160 Patent. This conduct by Defendants has taken place within the State of Utah.

## FIRST CLAIM FOR RELIEF
### (Direct Infringement, 35 U.S.C. §271(a))

32.     Plaintiff, Aqua Shield, incorporates herein each and every allegation of paragraphs 1 through 31 of this Complaint.

33.     The '160 Patent has at all times subsequent to its issue date been fully enforceable.

34.     Aqua Shield is the only assignee of the '160 Patent and has the right to sue for infringement.

35.     Defendants make, use, sale, offer to sell, import, induce others to sell, and/or contribute to others making, using, selling, offering to sell, and/or importing telescopic enclosures that come within the scope of one or more claims of the '160 Patent.

36.     Defendants have, within the State of Utah, made, used, sold, offered to sell, or imported telescopic enclosures that come within a range of equivalents of the claims of the '160 Patent.

37.     The making, using, selling, or importing of infringing telescopic enclosures by Defendants has been without authority or license from Aqua Shield and in violation of Aqua Shield's rights, thereby infringing the '160 Patent.

38.     The making, using, selling offering to sell, or importing telescopic enclosures that fall within the scope of the '160 Patent by Defendants has been with knowledge of the '160 Patent, and in disregard for the exclusive rights of Aqua Shield.

39.     The amount of money damages which Aqua Shield has suffered due to Defendants' acts of infringement cannot be determined without an accounting, and is thus subject to proof at trial.  Further, harm to Aqua Shield arising from Defendants' acts of infringement is not fully compensable by money damages.  Rather, Aqua Shield has suffered, and continues to suffer, irreparable harm which it has no adequate remedy at law and which will continue until Defendants' conduct is enjoined.

### SECOND CLAIM FOR RELIEF
#### (Inducement, 35 U.S.C. §271(b))

40.     Aqua Shield incorporates herein each and every allegation of paragraphs 1 through 39 of this Complaint.

41.     On information and belief, Defendants, IPC and Alukovs, have actively induced, and are now inducing, infringement of the '160 Patent in the U.S.

42.     Defendants, IPC and Alukovs, have unlawfully derived, and continue to unlawfully derive, income and profits by inducing others to infringe the '160 Patent.  Aqua Shield has suffered, and continues to suffer, damages as a result of Defendants' inducement to infringe the '160 Patent.

43.     Aqua Shield has suffered, and will continue to suffer irreparable damage for which there is no adequate remedy at law because of Defendants' inducement of others to infringe, and will continue to be harmed unless Defendants are enjoined from further acts of inducement.

### THIRD CLAIM FOR RELIEF
**(Contributory Infringement, 35 U.S.C. §271(c))**

44.     Aqua Shield incorporates herein each and every allegation of paragraphs 1 through 43 of this Complaint.

45.     On information and belief, Defendants, IPC and Alukovs, have contributed, and are now contributing to infringement of the '160 Patent by supplying to the U.S. telescopic enclosures that come within the scope of the '160 Patent.

46.     On information and belief, Defendants, IPC and Alukovs, supply to the U.S. all material components of the telescopic enclosure.

47.     The telescopic enclosures supplied to the U.S. by Defendants IPC and Alukovs have no substantial non-infringing use outside the scope of the '160 Patent.

48.     On information and belief, the telescopic enclosures supplied to the U.S. by Defendants IPC and Alukovs are sold and offered for sale in the U.S. by Defendant Pool & Spa, an IPC member company.

49.     Defendants, IPC and Alukovs, have unlawfully derived, and continue to unlawfully derive, income and profits by contributing to the infringement of the '160 Patent. Aqua Shield has suffered, and continues to suffer, damages as a result of Defendants' contribution to infringement of the '160 Patent.

50.     Aqua Shield has suffered, and will continue to suffer irreparable damage for which there is no adequate remedy at law because of Defendants' contribution to the infringement of the '160 Patent, and will continue to be harmed unless Defendants are enjoined from further acts of contributory infringement.

## FOURTH CLAIM FOR RELIEF
### (Willful Infringement, 35 U.S.C. §271(b))

51.     Aqua Shield incorporates herein each and every allegation of paragraphs 1 through 50 of this Complaint.

52.     Defendants, IPC and Alukovs, were made aware, by the service of the cease and desist letter, of the '160 Patent at least as early as August 16, 2005.

53.     On information and belief, Defendant, Pool & Spa, is aware of the '160 Patent.

54.     On information and belief, Defendants continue to make, use, sell, offer to sell, or import telescopic enclosures in the U.S. knowing that their products were clearly within the scope of the claims of the '160 Patent.

55.     Defendants knew or should have known that continuing to make, use, sell, offering to sell, and importing their products in the U.S. infringed the '160 Patent.

56.     Defendants, however, have disregarded Aqua Shield's rights in the '160 Patent and continued to make, use, sell, offer for sale, or import telescopic enclosures that come within the scope of the '160 Patent without authority or license from Aqua Shield.

57.     Defendant's willful infringement of the '160 Patent makes this an exceptional case, entitling Aqua Shield to receive treble damages and its reasonable attorneys' fees.

## FIFTH CLAIM FOR RELIEF
### (Unfair Competition, 15 U.S.C. §1125; Lanham Act §43)

58.     Aqua Shield incorporates herein each and every allegation of paragraphs 1 through 57 of this Complaint.

59.     On information and belief, Defendants have indicated to customers that Aqua Shield is going out of business in an attempt to divert sales of telescopic enclosures away from Aqua Shield.

60.     Defendants' intent to mislead and confuse customers damages Aqua Shield's public image and reputation and has, on information and belief, unfairly lead to the sales of telescopic enclosures by Defendants that would have otherwise been realized by Aqua Shield.

61.     Aqua Shield has suffered, and will continue to suffer irreparable damage for which there is no adequate remedy at law because of Defendants' attempts to deceive the public and trade, and will continue to be harmed unless Defendants are enjoined from further acts of unfair competition.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Aqua Shield prays for judgment against Defendants as follows:

A.      The Court adjudge United States Letters Patent No. 6,637,160 valid and infringed by Defendants;

B.      The Court adjudge Defendants' conduct constitutes unfair competition;

C.      For damages in an amount to be determined at trial, said damages being not less than a reasonable royalty;

D.      For a finding that Defendants acted willfully in its infringement of the '160 Patent, and for an award of treble damages pursuant to U.S.C. §284.

E.      That Defendants, their agents, servants, employees, directors, and those persons in active concert or participation with them be enjoined under 35. U.S.C. §283 from further violation of Aqua Shield's patent rights or such terms as the Court deems reasonable;

F.      That Defendants be ordered to file with this Court and serve on Aqua Shield within thirty (30) days after service on Defendants of the injunction granted herein, or such extended period as the Court may direct, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction and order of the Court;

G.      That Defendants be order to pay Aqua Shield's attorneys' fees and its costs and disbursements for this action under 35 U.S.C. §285;

H.      That Defendants be required to pay pre-judgment and post-judgment interest until such awards are paid;

I.      That Aqua Shield has such other and further relief as shall seem just and proper to the Court.

## DEMAND FOR JURY

Plaintiff, Aqua Shield, hereby requests a trial by jury in the above-captioned action.

Dated: August 31, 2009

<div style="margin-left: 40%;">

BATEMAN IP LAW GROUP

By      /Randall B. Bateman/
Randall B. Bateman
Bateman IP Law Group
Attorneys for Plaintiff
Aqua Shield, Inc.

</div>