IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AQUA SHIELD, INC.<br><br>    Plaintiff, | MEMORANDUM DECISION AND ORDER ON CLAIM CONSTRUCTION |
| vs. | |
| INTER POOL COVER TEAM, ALUKOV HZ SPOL. SRO, ALUKOV, SPOL. SRO, POOL & SPA ENCLOSURES, LLC<br><br>    Defendants. | Case No. 2:09-CV-13 TS |

This matter is before the Court for claim construction. Having considered the written submissions of both parties, the Court will rule as follows.

I.  BACKGROUND

In the underlying action, Plaintiff alleges that, through their combined actions, Defendants infringed on Plaintiff's patent, U.S. Patent No. 6,637,160 (the "160 Patent"). Defendants are a pan-European association of manufacturers and traders who develop, produce, and deal in swimming pool enclosures.

1

In its Amended Complaint, Plaintiff alleges that its 160 Patent is valid and enforceable and that Plaintiff has the exclusive right to make, use, offer to sell, and sell telescopic pool enclosures made in accordance with the invention disclosed in the 160 Patent. Plaintiff also alleges that Defendants sell and offer for sale, in the United States, embodiments of enclosures that come within the scope of the 160 Patent.

Plaintiff has filed a Motion for Summary Judgment on its infringement claim. Defendants have requested that the Court construe certain portions of the 160 patent before ruling on the Motion.

## II.  MARKMAN STANDARD

The Supreme Court, in *Markman v. Westview Instruments, Inc.*,[1] held that claim construction is a matter exclusively within the province of the court.[2] Claim terms are generally given their ordinary and customary meaning as understood by one of ordinary skill in the art.[3] "In some cases, the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words. In such circumstances, general purpose dictionaries may be helpful."[4] A patentee may choose, however, "to be his own lexicographer and use terms in a manner other than their ordinary

---

[1] 517 U.S. 370 (1996).

[2] *Id*. at 372.

[3] *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996).

[4] *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (en banc) (citation omitted).

meaning, as long as the special definition of the term is clearly stated in the patent specification or file history."[5]  "Thus, second, it is always necessary to review the specification to determine whether the inventor has used any terms in a manner inconsistent with their ordinary meaning."[6]  "Third, the court may also consider the prosecution history of the patent, if in evidence."[7]

### III.  DISCUSSION

Each party has submitted proposed constructions of Claims 1-3 of the 160 Patent.  Though Defendants offer constructions differing from Plaintiff on each claim, Defendants state in their analysis that only two phrases from the patent are actually in dispute: "a pair of end panels" and "horizontal rails."[8]  Because Defendant apparently does not disagree with any of Plaintiff's other constructions, and having considered Plaintiff's proposals, the Court will accept at the outset all of Plaintiff's suggestions not relating to the two disputed phrases.  In those instances where Plaintiff has suggested that a term need not be defined because its meaning is plain, the Court agrees and will not engage in further definition.

The two disputed phrases will now be considered.

A.     A PAIR OF END PANELS

Defendants dispute the definition of "pair of end panels" as used in element (c) of Claim 1.  That element reads: "a pair of end panels for attachment to the ends of the enclosure to

---

[5]*Vitronics Corp.*, 90 F.3d at 1582.

[6]*Id*.

[7]*Id*.

[8]Docket No. 82, at 9.

complete the enclosure."[9]  Defendants propose the following construction: "Two quadrant shaped (one fourth of a circle) panels at the ends of the enclosure that complete the enclosure."[10]  Plaintiff's suggestion is that "[e]nd panels should be given its plain meaning."[11]

As support for their proposed construction, Defendants note that the panels as represented in Figures 1-5 are all quadrant shaped.[12]  As Plaintiff has pointed out, however, it appears that Defendants have ignored Figures 6-11, all of which depict the end panels as half circles.[13]  These Figures are constantly referenced in the Patent specification as illustrations of the invention.  Furthermore, nothing in the specification requires that the panels be quadrant shaped.  Accordingly, the Court will not construe "a pair of end panels" to mean a pair of end panels in the shape of a quadrant only.

Having dispensed with Defendants' suggestion, the Court agrees with Plaintiff that element (c) is plain and requires no further definition.

B.      HORIZONTAL RAILS

Beyond claiming that a dispute exists, Defendants do not discuss the meaning of "horizontal rails."  The Court finds Plaintiff's construction of element (f) of Claim 1, the element that contains the phrase, to be satisfactory in its entirety and thus will adopt it.

---

[9]*Id.* at 8.

[10]*Id.*

[11]Docket No. 80, at 5.

[12]Docket No. 80 Ex. 1, at 2-6.

[13]*Id.* at 7-11.

## III.  CONCLUSION

In light of the foregoing, the Court rejects Defendants' argument that "pair of end panels" means only quadrant shaped panels and accepts all of Plaintiff's proposed constructions of Claims 1-3 as contained in Plaintiff's *Markman* Brief.

SO ORDERED

DATED   November 14, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge