IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AQUA SHIELD, INC.<br><br>Plaintiff,<br><br>vs.<br><br>INTER POOL COVER TEAM, ALUKOV HZ SPOL. SRO, ALUKOV, SPOL. SRO, POOL & SPA ENCLOSURES, LLC<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON MOTIONS<br><br><br><br>Case No. 2:09-CV-13 TS |

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment of Patent Infringement and Motion to Strike Declarations of Attorney Coffey and Attorney Sarney. The Court will grant in part and deny in part Plaintiff's Motion for Summary Judgment and deny Plaintiff's Motion to Strike for the reasons set forth below.

I.  BACKGROUND

Plaintiff Aqua Shield alleges that, through their combined actions, Inter Pool Cover Team, Alukov HZ spol Sro., Alukov, spol Sro., and Pool & Spa Enclosures, LLC (collectively "IPC")  infringed on Plaintiff's patent, U.S. Patent No. 6,637,160 (the "'160 Patent").

Defendants are a pan-European association of manufacturers and traders who develop, produce, and deal in swimming pool enclosures.

In its Amended Complaint, Aqua Shield alleges that its '160 Patent is valid and enforceable and that Aqua Shield has the exclusive right to make, use, offer to sell, and sell telescopic pool enclosures made in accordance with the invention disclosed in the '160 Patent. Aqua Shield also alleges that IPC sells and offers for sale, in the United States, embodiments of enclosures that come within the scope of the '160 Patent.

Aqua Shield has filed a Motion for Partial Summary Judgment on its infringement claim. Aqua Shield has also filed a motion asking the Court to strike the affidavits that IPC has attached it its opposition memorandum.

## II. SUMMARY JUDGMENT

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[1] The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact.[2] "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to go beyond the pleadings and set forth specific facts

---

[1] *See* Fed.R.Civ.P. 56(a).

[2] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

showing that there is a genuine issue for trial."³  "An issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"⁴

"Literal infringement of a claim exists when every limitation recited in the claim is found in the accused device, i.e., when the properly construed claim reads on the accused device exactly."⁵  Thus, the role of the Court on summary judgment in a patent infringement suit is to determine whether any reasonable juror could find that an accused product does not include all the elements contained within a patent claim.

> A district court should approach a motion for summary judgment on the fact issue of infringement with great care.  Summary judgment may, however, properly be decided as a matter of law when no genuine issue of material fact exists and no expert testimony is required to explain the nature of the patented invention or the accused product or to assist in their comparison.⁶

Aqua Shield alleges that (1) IPC has installed a pool cover in Utah that infringes the '160 Patent ("the Utah Installation") and (2) IPC offers for sale other pool covers that infringe '160 Patent.

A.   THE UTAH INSTALLATION

Though IPC disputes all but five of Aqua Shields statements of fact "inasmuch as [they] misstate[] facts in the record," only two disputes are actually addressed in IPC's argument: (1) whether the Utah Installation contains an "anchor plate" as required by Claim 10; and (2)

---

³*Sally Beauty Co., Inc., v. Beautyco, Inc.*, 304 F.3d 964, 971 (10th Cir. 2002).

⁴*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

⁵*Amhil Enters. Ltd. v. Wawa, Inc.*, 81 F.3d 1554, 1562 (Fed. Cir. 1996).

⁶*Id.* at 1557-58 (citations omitted).

whether the Utah Installation contains a hooks-and-straps system as required by Claim 15. Though IPC's analysis of this issues is offered merely as "an example" of the dischord between the Utah Installation and Patent '160, IPC cannot expect the Court to simply use its imagination to divine other specific discrepancies. Accordingly, the Court must proceed as though the only factual disputes in this matter relate to Claims 10 and 15 of the '160 Patent.

IPC argues that the Utah Installation does not infringe Claim 10 because the photographs offered by Plaintiff do not show that the accused product has an anchor plate as required by that Claim. Plaintiff has provided the sworn statement of Bob Brooks, inventor of the '160 Patent, which affirms that the accused product has an anchor plate: "The U-shaped frame of the Utah Installation also includes an anchor plate for contacting the rails which was verifiable by the naked eye during inspection but were [sic] unable to take a picture of due to access restriction."[7]

IPC responds to Mr. Brooks's declaration by stressing that the photograph does not verify Mr. Brooks's claim and thus there is a material issue of disputed fact as to whether an anchor plate was a part of the accused product. This argument confuses the respective burdens of parties to a summary judgment motion. As movant, Aqua Shield bears the burden of production. The extent of this burden is measured in light of whether the movant will ultimately bear the burden of persuasion on an issue at trial.

> If the moving party will bear the burden of persuasion at trial, that party must support its motion with credible evidence—using any of the materials specified in Rule 56(c)—that would entitle it to a directed verdict if not controverted at trial . .

---

[7] Docket No. 60 Ex. 1, at 10.

> . . Such an affirmative showing shifts the burden of production to the party opposing the motion.[8]
>
> [T]he non-movant then must either establish the existence of a triable issue of fact under Fed.R.Civ.P. 56(e) or explain why he cannot . . . under Rule 56(f). Conclusory allegations made by a non-movant will not suffice. Instead, sufficient evidence (pertinent to the material issue) must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein.[9]

Fed.R.Civ.P. 50 allows the Court to direct a verdict "if a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."

Here, Aqua Shield has supported its Motion with the affidavit of Mr. Brooks.[10] If such testimony was offered at trial and no contradictory testimony was offered by IPC, Aqua Shield would be entitled to a directed verdict on Claim 10. Thus, the burden shifts from Aqua Shield to IPC to prove that there is a disputed issue of fact as to whether the elements of Claim 10 are present in the Utah Installation.

IPC cannot meet its burden by simply claiming, as they do, that Aqua Shield has not sufficiently proved the existence of the plate. Rather, it was incumbent on IPC to point the Court to some evidence showing that the plate was not a part of the Utah Installation. By failing to do so, IPC has failed to overcome summary judgment on this issue.

---

[8] *Anderson v. Dep't of Health & Human Servs.*, 907 F.2d 936, 947 (10th Cir. 1990) (quoting *Celotex*, 477 U.S. at 331 (Brennan, J., dissenting)).

[9] *Id.* (internal citations and quotation marks omitted).

[10] Docket No 60 Ex. 1.

IPC also argues that the Utah Installation does not violate Claim 15 of the '160 Patent because that Claim requires a product to have hooks and straps for securing panels and the Utah Installation has none. In his sworn affidavit, Mr. Brooks stated that "[h]ooks and straps securing the arcuate panels to ground were not detected at the Utah Installation at the time of the visit (they are used as needed during high wind conditions), but the hooks-and-straps system is depicted on models on the IPC's website."[11] Defendants respond that there is no evidence in the '160 Patent that the hooks and straps are only necessary during high winds, or, in other words, that Claim 15 does not encompass a removable hooks-and-straps system.[12]

Because Aqua Shield has not offered any evidence that the Utah Installation had *or could have* a hooks-and-straps system, the question of whether Claim 15 allows the system to be removable is irrelevant. Mr. Brooks has merely noted (1) that the hooks-and-straps system was not visible on the Utah Installation; (2) that the system was meant only for use during high winds; and (3) that the system is present on the other models IPC offers for sale. The contention that the hooks and straps are only meant for periods of high winds is irrelevant without a further showing that the Utah Installation included such removable hooks and straps. Nor does the contention that the system is present on other models have any bearing on the Utah Installation. In short, Aqua Shield has not met its burden of production with respect to the inclusion of a hooks-and-straps system in the Utah Installation, whether removable or fixed. Accordingly, the

---

[11] Docket No. 60 Ex. 1, at 11.

[12] Docket No 67, at 19.

Court will not grant summary judgment to Aqua Shield on infringement of Claim 15 by the Utah Installation.

B.     IPC'S OTHER PRODUCTS

In his affidavit, Mr. Brooks states that "IPC's other models including, but not limited to, the Universe, Laguna, Tropea, Combi, Style, Veranda, Spa and Orient models . . . based upon my review of IPC's product information . . . have the same structural and functional features as the Utah Installation."[13]  This statement, along with a chart affirming that every element of each claim is found in the accused products, is all Aqua Shield offers to support its claim.[14]  Though such evidence is by no means overpowering, it is nonetheless evidence.  As such, IPC has the burden of producing contrary evidence to show there is some dispute of material fact as to whether these other models each encompass all the elements of Claims 1-16.

IPC has failed to meet its burden.  IPC's sole contradictory statement is that "some of IPC's pool enclosures do not include 'a pair of end panels,' some do not include 'rectangular panels,' and some do not include 'horizontal frame members.'"[15]  No citation is provided.  Of IPC's exhibits, only A and B could speak to the issue, but neither is sufficient.  Exhibit A is apparently a screenshot from IPC's website, which contains blurry, miniature images of each of the models and a few distorted photos of a particular model.[16]  Exhibit B is a copy of the

---

[13]Docket No. 60 Ex. 1, at 11.

[14]*Id.* Ex. 1.

[15]Docket No. 67, at 20.

[16]*Id.* Ex. A.

schematics for some of IPC's models, which is annotated in a foreign language and is entirely unhelpful to the Court.[17] IPC's conclusory statement, coupled with unilluminating evidence, fails to establish a genuine issue of material fact, either by demonstration or inference. Accordingly, the Court must grant summary judgment in favor of Aqua Shield on IPC's Universe, Laguna, Tropea, Combi, Style, Veranda, Spa and Orient models.[18]

C.  OTHER LEGAL ARGUMENTS

In addition to its factual arguments, IPC argues that Aqua Shield is not entitled to judgment as a matter of law on infringement of the '160 Patent because (1) the patent is anticipated by two foreign patents and (2) "IPC's own engineering schematics anticipate[] the '160 Patent claims."[19]

> A patent is invalid if the claimed invention was "known or used by others in this country . . . before the invention thereof by the applicant for patent" . . . or was "in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States" . . . . Invalidity based on lack of novelty (often called "anticipation") requires that the same invention, including each element and limitation of the claims, was known or used by others before it was invented by the patentee.[20]

---

[17] *Id.* Ex. B.

[18] Mr. Brooks claims that IPC's infringing products include, but are not limited to, these models. The Court cannot speculate as to which other models Mr. Brooks attempts to encompass with the "not limited to" language. Accordingly, the Court's holding is limited to those models specifically identified.

[19] Docket No. 67, at 3.

[20] *Hoover Grp., Inc. v. Custom Metalcraft, Inc.*, 66 F.3d 299, 302 (Fed. Cir. 1995) (citations omitted) (quoting 35 U.S.C. § 102(a), (b)).

In support of its anticipation argument, IPC references a French and an Australian patent, both of which were in existence before the '160 Patent. The entirety of IPC's anticipation argument is that both patents show "arc shaped telescoping roofing elements of a pool enclosure installed on removable rails."[21]

A showing that a challenged patent shares an element with a prior patent is not enough—the presence of each element of a claim must be shown in the prior art. Rather than comparing the foreign patents with the '160 Patent element-by-element, IPC has merely provided blanket citations to the patents as a whole. The Court will not sift through the evidence to make arguments on IPC's behalf. Accordingly, the Court will reject IPC's anticipation argument based on the foreign patents.

IPC also argues that its own schematics anticipate the '160 Patent because the schematics reveal that IPC "offered and used the plurality of horizontal rails now accused of infringement in 2000—before Mr. Brooks filed for the '160 Patent."[22] The Court notes again that the schematics are in a foreign language, and thus are unhelpful. Regardless, as noted above, to invalidate a patent claim based on a prior invention, a party must show that the prior invention included every element of every claim of the challenged patent.[23] "Horizontal rails" are but one part of one element of the claims of the '160 Patent. Accordingly, IPC has not sufficiently supported its argument that all contested claims of the '160 Patent are anticipated by IPC's prior schematics.

---

[21]Docket No. 67, at 3.

[22]Docket No. 67, at 23.

[23]*Hoover*, 66 F.3d at 302.

Nor is IPC's argument that it has sold five of its pool cover models in the United States prior to the '160 Patent availing.  IPC reasons that, because Aqua Shield accuses these models of infringing the 160 Patent, and because these models were sold in the U.S. before the patent was granted, the models prove that the '160 Patent was anticipated and is thus invalid.  As proof, IPC offers only the blurry screenshots referenced above.  The screenshots do not indicate when the products contained thereon were available for sale in the United States.  Because IPC offers no more, the Court must reject IPC's argument as unsupported without considering its merits.

Finally, IPC asks the Court not to consider the photographs of the Utah Installation provided by Aqua Shield because the photographs were not disclosed to IPC in a timely fashion.  Though disclosed late, the Court notes that the photographs were still made available in plenty of time for IPC to respond to them for purposes of this Motion.  Accordingly, the Court will deny the request.

### III.  MOTION TO STRIKE

Aqua Shield asks the Court to strike the affidavits attached to IPC's opposition memorandum.  The affidavits seek to authenticate other exhibits attached by IPC.  As discussed above, the Court finds that even assuming the exhibits are authenticated, they are either unavailing or unnecessary.  With or without the exhibits, IPC has not met its burden for successfully contesting any part of the summary judgment motion for which there was sufficient factual support offered by Aqua Shield.  In the same vein, Aqua Shield has not met its burden for the Utah Installation as to Claim 15, and thus IPC's response, including exhibits, is irrelevant.  Accordingly, the Court will deny the Motion to Strike as moot.

IV.  CONCLUSION

In light of the foregoing, the Court will grant summary judgment on Aqua Shield's claim that the Utah Installation infringes on Claims 1-14 and Claim 16 of the '160 Patent, but deny it as to Claim 15.  The Court will also grant summary judgment on Aqua Shield's claim that IPC's other models infringe the '160 Patent.  Finally, the Court will deny Aqua Shield's motion to strike.  It is therefore

ORDERED that Aqua Shield's Motion for Partial Summary Judgment (Docket No. 59) is GRANTED IN PART AND DENIED IN PART.  It is further

ORDERED that Aqua Shield's Motion to Strike Declarations of Attorney Coffey and Attorney Sarney (Docket No. 70) is DENIED as moot.

DATED   November 28, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge