IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AQUA SHIELD, INC.,<br><br>    Plaintiff,<br><br><br><br><br>           vs.<br><br><br>INTER POOL COVER TEAM, ALUKOV<br>HZ SPOL. SRO, ALUKOV, SPOL. SRO,<br>POOL & SPA ENCLOSURES, LLC,<br><br>    Defendants. | MEMORANDUM DECISION AND<br>ORDER GRANTING MOTION FOR<br>ENTRY OF JUDGMENT<br>CONSTRUED AS MOTION FOR<br>CLARIFICATION<br><br><br><br><br>Case No. 2:09-CV-13-TS |

This matter is before the Court on Plaintiff Aqua Shield's Motion for Entry of Judgment. For the reasons stated below, the Court will Construe the Motion as a Motion for Clarification and will grant the Motion to clarify that the Court has not entered judgment on Defendants' invalidity counterclaim and that claim remains pending.

## I.  BACKGROUND

On November 28, 2011, the Court issued an order granting Plaintiff's motion for partial summary judgment ("Summary Judgment Order") and held that Inter Pool Cover Team, Alukov

HZ spol Sro., Alukov, spol Sro., and Pool & Spa Enclosures, LLC (collectively "IPC") installed a pool cover in Utah ("the Utah Installation") that infringes on Claims 1-14 and Claim 16 of Plaintiff's patent, U.S. Patent No. 6,637,160 (the "'160 Patent").  On February 2, 2012, Plaintiff filed a Motion for Entry of Judgment pursuant to Federal Rule of Civil Procedure 54(b), asking the Court to enter final judgment on Plaintiff's claim that the Utah Installation infringes on Claims 1-14 and 16 of the '160 Patent.  In its Motion, Plaintiff also withdrew its allegation that Defendants infringed claim 15 of the '160 patent.

## II.  DISCUSSION

### A.    MOTION FOR ENTRY OF JUDGMENT

Rule 54(b) allows the Court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."[1]  "[A] judgment is not final for the purposes of Rule 54(b) unless the claims resolved are distinct and separable from the claims left unresolved."[2]  "The test for separate claims under the rule is whether the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the court would have to go over the same ground that it had covered in the first appeal."[3] "To determine whether separate appeals would be redundant, courts consider whether the

---

[1]Fed. R. Civ. P. 54(b).

[2]*Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1243 (10th Cir. 2001).

[3]*Jordan v. Pugh*, 425 F.3d 820, 827 (10th Cir. 2005).

allegedly separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible."[4]

In this case, the requirements necessary to enter judgment are not met. First, Plaintiff does not appear to seek an entry of final judgment so that it may appeal the Court's ruling that Defendants infringed the '160 patent, as Rule 54(b) envisions. Second, "the claims resolved are [not] distinct and separable from the claims left unresolved."[5]  In addition to its direct infringement claim, Plaintiff also brings claims for, among other things, inducement of the infringement, contributory infringement, and willful infringement. As all of these claims concern infringement, they will "turn on the same factual questions," "involve common legal questions" and "separate recovery is [not] possible."[6]  Consequently, entry of judgment on Plaintiff's direct infringement claim is not appropriate at this procedural juncture of the case.

B.    MOTION FOR CLARIFICATION

Plaintiff's Motion is more properly brought as a Motion for Clarification under Rule 59(e) of the Federal Rules of Civil Procedure. As stated, it does not appear that Plaintiff intends to appeal the Court's finding that Defendants infringed the '160 Patent as Rule 54(b) contemplates. Instead, the briefing of the parties suggests that the Motion for Entry of Judgment was filed to receive clarification on whether the Summary Judgment Order disposed of IPC's counterclaim that the '160 patent is invalid. In its reply memorandum in support of its Motion

---

[4]*Id.*

[5]*Bruner*, 259 F.3d at 1243.

[6]*Jordan*, 425 F.3d at 827.

for Entry of Judgment, Plaintiff argues that the Court fully considered and rejected Defendants'

invalidity claim.  Defendants contend that the Court did not adjudicate that claim.  Given this

confusion, the Court will construe the Motion for Entry of Judgment as a Motion for

Clarification of the Court's Summary Judgment Order and will grant the Motion to clarify that

the Court has not ruled on Defendants' counterclaim.

      In Plaintiff's motion for partial summary judgment, Plaintiff "move[d] this Court

pursuant to Rule 56 for partial summary judgment as to infringement."[7]  Neither Plaintiff's

motion nor its memorandum in support asked the Court to rule on Defendants' invalidity

counterclaim.  In their response to the motion for partial summary judgment, however,

Defendants raised invalidity as their primary defense to Plaintiff's direct infringement claim.  In

support of this defense, Defendants attached exhibits of their own schematics and prior sales as

well as French and Australian patents.

      Plaintiff argues that by asserting invalidity as a defense to infringement, Plaintiff's

response to the motion for partial summary judgment was actually a motion for judgment on the

pleadings under Fed. R. Civ. P. 12(c), which in turn was converted to a motion for summary

judgment because Defendants attached exhibits (which the Court considered) in support of their

invalidity defense.  Therefore, Plaintiff argues, Defendants' response to Plaintiff's motion for

partial summary judgment on infringement, was itself a motion for partial summary judgment on

Defendants' invalidity counterclaim.  According to this line of reasoning, the Court's Summary

Judgment Order—which, at first blush, appears to have ruled only on Plaintiff's partial motion

---

[7]Docket No. 59, at 1.

for summary for infringement—actually ruled on Defendants' separate motion for partial summary judgment on its invalidity counterclaim.

Creative as it is, Plaintiff's argument must fail.  First, consistent with the rule "that patent infringement and patent validity are treated as separate issues,"[8] case law shows that a party may raise invalidity as a defense to infringement without placing that party's invalidity counterclaim in issue.[9]  Thus, Defendants did not place their invalidity counterclaim in issue when they raised invalidity as a defense to Plaintiff's infringement claim.  Defendants' response to Plaintiff's motion for partial summary judgment was nothing more than what it purported to be—a response.

Further, the Federal Circuit, in *Fin Control Sytems Pty, Ltd. v. OAM*, held that where the "defense[] of invalidity . . . [was] not the subject of any motion before the district court" and the record did not "indicate that [invalidity] had been fully litigated," "the district court's *sua sponte* grant of summary judgment of invalidity . . . was procedurally improper . . . ."[10]  In this case, Defendants' invalidity counterclaim was "not the subject of any motion before the district court" and has not "been fully litigated."[11]  As a result, even though the Court "dispose[d] of the

---

[8]*Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1364 (Fed. Cir. 2003).

[9]*See Pause Tech. LLC v. TiVo Inc.*, 401 F.3d 1290, 1293-94 (Fed. Cir. 2005) ("[E]ven if the district court could impliedly dispose of the invalidity defense in its ruling on infringement, the invalidity counterclaim is a separate claim that remains unresolved."); *see also Pandrol*, 320 F.3d at 1361-63 (noting the distinction between an invalidity defense and counterclaim).

[10]265 F.3d 1311, 1321 (Fed. Cir. 2001).

[11]*Id.* at 1321.

invalidity defense in its ruling on infringement [the Summary Judgment Order], the invalidity counterclaim is a separate claim that remains unresolved."[12]

As the invalidity counterclaim remains outstanding, either or both of the parties must file a motion for summary judgment on that counterclaim before it can be resolved.  The Court will grant the parties additional time to file any such motion provided that such motion is filed no later than November 1, 2012, and any response to such motion is filed no later than November 15, 2012.  No replies will be permitted.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Entry of Judgment (Docket No. 89), construed as a Motion for Clarification, is GRANTED to clarify that the Court has not ruled on Defendants' invalidity counterclaim.  It is further

ORDERED that the final pretrial conference and trial scheduled in this matter are continued without date.

DATED   October 18, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[12] *Pause Tech*, 401 F.3d at 1294.