IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AQUA SHIELD, INC., a New York Corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>INTER POOL COVER TEAM, ALUKOV HZ SPOL. S.RO., ALUKOV, SPOL. S.R.O., POOL & SPA ENCLOSURES, LLC,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER DENYING STAY OF PROCEEDINGS TO ENFORCE THE FINAL JUDGMENT PENDING APPEAL<br><br><br>Case No. 2:09-CV-13 TS<br><br>District Judge Ted Stewart |

The matter before the Court is Defendants' Motion to Stay All Proceedings to Enforce the Final Judgment Pending Appeal.[1] For the reasons set for the below, the Court will deny Defendants' Motion.

I. BACKGROUND

On March 19–20, 2013, the Court held a two-day bench trial in this case, resulting in judgment in favor of Plaintiff. Initially the Court awarded zero damages and ordered a permanent injunction. On a Rule 59(e) motion, the Court awarded Plaintiff a reasonable royalty of $10,800. Costs were taxed in the amount of $1,971.17. Defendants now bring this Motion seeking to stay proceedings to enforce the final judgment pending appeal without bond, or in the alternative, until the Court fixes a supersedeas bond.

---

[1] Docket No. 188.

1

## II. DISCUSSION

Federal Rule of Civil Procedure 62(d) provides that "if an appeal is taken, the appellant may obtain a stay by supersedeas bond. . . ."[2] "[T]he purpose of a supersedeas bond is to secure an appellee from loss resulting from the stay of execution."[3] "[A] prevailing party's appeal suspends enforcement of the judgment only when the theory of the appeal is inconsistent with enforcement in the interim."[4] When the appeal centers on how much one side owes the other, "the undisputed sums should be paid while the parties address the genuine bones of contention."[5]

Defendants' argument that they are entitled to a stay of proceedings to enforce the final judgment is contravened by both the Federal Rules of Civil Procedure and case law on the subject. Defendants filed no appeal and therefore do not dispute the permanent injunction or the Court's monetary award. A plain reading of Rule 62(d) illustrates that it is the appellant who may obtain a stay by supersedeas bond. In its appeal, Plaintiff does not seek to set aside the permanent injunction and monetary award of the Amended Judgment.[6] Rather, Plaintiff seeks an enlargement of the Amended Judgment.[7] Seeking enlargement of the judgment does not dispute the judgment already ordered.[8] Defendants therefore owe Plaintiff at least $12,717.17, a judgment amount of $10,800 plus costs of $1,971.17. Because Plaintiff's appeal centers on how

---

[2] Fed. R. Civ. P. 62(d).

[3] *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986).

[4] *BASF Corp. v. Old World Trading Co.*, 979 F.2d 615, 617 (7th Cir. 1992).

[5] *Id.* (citing *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1 (1980)).

[6] *See* Docket No. 189, at 2.

[7] *Id.*

[8] *See, e.g.*, *Trustmark Ins. Co. v. Carmine J. Gallucci*, 193 F.3d 558, 559 (1st Cir. 1999) (holding that an appeal which seeks to increase the amount of the judgment does not dispute the judgment as it already stands).

much Defendants owe Plaintiff, the undisputed sum of $12,717.17, should be paid without delay. To that end, the Court denies Defendants' Motion.

III.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Defendants' Motion to Stay All Proceedings to Enforce the Final Judgment Pending Appeal (Docket No. 188) is DENIED

DATED this 30th day of April, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge