IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AQUA SHIELD, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTER POOL COVER TEAM, ALUKOV HZ SPOL. S.RO., ALUKOV, SPOL. S.R.O., POOL & SPA ENCLOSURES, LLC,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO STAY ALL PROCEEEDINGS TO ENFORCE THE FINAL JUDGMENT PENDING APPEAL<br><br><br>Case No. 2:09-CV-13 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants' Motion to Stay all Proceedings to Enforce the Final Judgment Pending Appeal. For the reasons discussed below, the Court will deny the Motion without prejudice.

## I.  BACKGROUND

On August 17, 2015, the Court entered judgment in favor of Plaintiff and against Defendants, awarding Plaintiff damages in the amount of $216,000, plus costs in the amount of $1,971.17. Both parties have since appealed the Court's judgment and Defendants now seek a stay of all proceedings to enforce the judgment pending appeal.

## II.  DISCUSSION

Federal Rule of Civil Procedure 62(d) provides: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond."

1

"The purpose of requiring a supersedeas bond pending appeal 'is to secure the judgment throughout the appeal process against the possibility of the judgment debtor's insolvency.' Typically, the amount of the bond matches the full amount of the judgment."[1] "District courts, however, have inherent discretionary authority in setting supersedeas bonds."[2]

Courts consider a number of factors in determining whether to waive or reduce the bond requirement, including: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.[3]

While acknowledging these factors, Defendants provide no evidence or argument on them. Defendants simply make the conclusory statement that "Plaintiff's interest would be protected despite the absence of a supersedeas bond."[4] However, as Plaintiff points out, there are legitimate concerns regarding Defendants' ability and willingness to satisfy the judgment. Without more, the Court is unable to conclude that Defendants are entitled to a stay absent the posting of a supersedeas bond.

---

[1] *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1559 (10th Cir. 1996) (quoting *Grubb v. FDIC*, 883 F.2d 222, 226 (10th Cir. 1987)); *see also Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986) (stating that "the purpose of a supersedeas bond is to secure an appellee from loss resulting from the stay of execution and that a full supersedeas bond should be the requirement in normal circumstances").

[2] *Miami Int'l Realty Co.*, 807 F.2d at 873.

[3] *See Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988).

[4] Docket No. 205, at 4.

In the alternative, Defendants request a stay until the Court has fixed the appropriate amount of the supersedeas bond.  As stated, typically the bond matches the full amount of the judgment.  Defendants have presented nothing to suggest that the Court should deviate from the general rule in this case.  Therefore, the Court must reject this request.

## III.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Stay all Proceedings to Enforce the Final Judgment Pending Appeal (Docket No. 205) is DENIED WITHOUT PREJUDICE.  Defendants may renew their Motion upon the posting of a supersedeas bond in the full amount of the judgment.

DATED this 26th day of October, 2015.

BY THE COURT:

Ted Stewart
United States District Judge